**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NovaStar Mortgage, Inc.,** | ) | **CASE NO. 1:07 CV 1428** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Mary Ann Grassia, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This matter is before the Court upon plaintiff's Motion for Summary Judgment (Doc. 16). This is a foreclosure action. For the reasons that follow, the motion is GRANTED.

### FACTS

Plaintiff, NovaStar Mortgage, Inc., is the mortgagee with respect to defendants' mortgage. Defendants, Mary Ann and Anthony Grassia, signed a mortgage in favor of plaintiff. In addition, defendant Mary Ann Grassia signed a promissory note. Plaintiff provides an affidavit indicating that the note and mortgage are in default because monthly payments have not been made. Plaintiff provided written notice of default and, according to the terms of the note

and mortgage, the note was accelerated.  As a result, the principal balance due is $200,162.10, exclusive of interest, late charges, advances made for the payment of real estate taxes, assessments and insurance premiums.  Plaintiff also claims that the amount is exclusive of costs and attorneys' fees.

Plaintiff moves for summary judgment.  Defendants have not responded to the plaintiff's motion.

**STANDARD OF REVIEW**

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323.  A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a

> genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).  However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

### ANALYSIS

Plaintiff points to evidence indicating that defendants breached the promissory note and mortgage.  Pursuant to the terms of the note, the entire balance is due upon default.  In addition, pursuant to the terms of the mortgage, plaintiff is entitled to foreclose on the property securing the note.   Defendants offer no evidence or argument in response to plaintiff's motion. Accordingly, the Court finds that plaintiff is entitled to summary  judgment.

### CONCLUSION

For the foregoing reasons, plaintiff's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.


                                            /s/ Patricia A. Gaughan  
                                            PATRICIA A. GAUGHAN  
                                            United States District Judge

Dated: 9/21/07